Towner v. Sayre.

---

[**28**] TOWNER v. SAYRE.

It is too late to except to the petition after taking issue on it.
Where the defendant had given the plaintiff an order on a third person for twenty-five head of cattle, and the order had been dishonored: *Held,* That in an action on the order for damages it was not necessary to aver the value of the cattle separately, but that it was sufficient to "pray that the defendant pay him the amount he is damaged, which he esti- "mates at one hundred and fifty dollars."
The distinction of actions, as known to the common-law practice, has never been acknowl- edged in our courts.
*It seems* that defendant may, after the plaintiff has introduced all his evidence, demur to the same. (Note 6.)
It is not necessary to set out the instrument sued on in *in hæc verba;* it is sufficient to state the substance and legal effect of it.
A defendant cannot be permitted to give in evidence, under a general denial, any facts which confess and avoid the action.

Appeal from Guadalupe.

*Neill,* for appellant.

*Hancock,* for appellee.

LIPSCOMB, J. Suit was brought by Sayre, the appellee, against Towner, the appellant, on an order drawn by the latter in favor of the former, or to his order, on one Smith, for the delivery of twenty-five head of average stock cattle.

The petition sets out that the order had been given to him for a valuable con- sideration; that he had placed the order in the hands of one Anderson to be presented for payment; that Smith refused to deliver the cattle; that plaintiff afterwards had the order presented to said Smith, who finally protested the same. He refers to the order, and prays that it should be made a part of his petition. He does not, in the body of his petition, assume to set the order out *in hæc verba,* and does not designate the cattle to be *average stock cattle,* but only describes the order as for stock cattle. A copy of the order sued

on seems to be appended to the petition. "He prays that the defendant, "Towner, be condemned to pay him the amount he is damaged, which he "estimates at one hundred and fifty dollars and costs," &c.

The cause was continued the first term, on the affidavit of the defendant, before answer filed. At the next term of the court the defendant filed his answer, in the first place, that he did not promise, undertake, or assume, and of this puts himself upon the country; and for further answer, that he is not guilty as charged, and of this he puts himself upon the country.

The defendant then proceeds to except to the plaintiff's petition—

First. That it does not pray for any specific judgment, except for damages, without alleging that damage has been committed.

Second. Because the action is not in *debt* or *damages*.

These exceptions were overruled by the court, and it is not conceived that there was error in so ruling.

The exceptions ought not to have been sustained, because in point of time it was too late to except to the petition after taking issue on it; and again, neither of them could have been sustained if taken before issue, because the petition does pray a specific judgment. "He prays that the defendant, Towner, be "condemned to pay him the amount he is damaged, which he estimates at one "hundred and fifty dollars and costs." This is not as formal as we usually find, but it is sufficiently clear what he seeks as well as the amount. It would have been more in conformity with established rules of practice had he distinctly stated the value of the cattle and prayed judgment for the amount; but it is believed to be substantially good as stated. The petition must be taken as a whole, and when we so view it the cause of action and the amount claimed are not at all doubtful. To the second exception we need only answer that the distinction of actions, as known to the common-law practice, has never been acknowledged in our courts.

The case was then put to the jury, and the evidence of the [30] plaintiff in support of his action given, some of which was excepted to by the defendant and the exception overruled. On the closing of the plaintiff's testimony, the defendant offered some evidence, which was ruled out as inadmissible under the issues; the defendant excepted, and then demurred to plaintiff's evidence; on which demurrer judgment was given for the plaintiff. The first exception, as presented by the bill of exceptions, is to the admissibility of the order sued on. It is on the ground that it had not been described in the plaintiff's petition, the petition not having shown its date, and not showing that it was payable in *average* stock cattle, and payable to the plaintiff or order. The last is not sustained in point of fact, because it is set forth as payable to the plaintiff or to his order. The two first may be disposed of together. The plaintiff was not required to set out the order in the precise words contained in it; the substance and legal effect was sufficient; and this he has done. Again, the plaintiff refers to the order as annexed to it, and prays that it be taken as part of his petition. It seems to have been copied on the petition, and no doubt was copied on the copy served on the defendant. The bill of exceptions shows that it was sealed to the petition. This was sufficient to give the defendant all the notice necessary or material to his defense. (Dewees *v.* Lockhart, 1 Tex. R., 535.)

The next exception is to the decision of the court in rejecting the evidence offered by the defendant. The substance of this evidence was that the cattle were used by one Davis, and Sayre, the plaintiff; and offered to prove, by two witnesses, that the cattle had been levied on and sold as the property of Sayre, and that Sayre had admitted to witnesses, if these cattle were so used, he would not hold Towner bound, but would look elsewhere for other cattle. It may be questioned whether such evidence would have made out a good defense to the action if it had been set up in the pleading; but it is clear that under the defendant's answer it is inadmissible. It should have been specially pleaded, so as to advise the plaintiff of the character of the defense relied on. This subject has been so frequently discussed [31] and adjudicated in this court

15

that it would not be proper again to enter into the principles and reasoning of the court on the subject. (See Mims *v.* Mitchell, 1 Tex. R.; Coles *v.* Kelsey, 2 Tex. R., 541; and Hall & Jones *v.* Jackson, at the last term of this court, not yet reported.)

NOTE 6.—Mitchell *v.* Wright, *post*, 283; Hughes *v.* Christy, 26 T., 230; Booth *v.* Cotton, 13 T., 359; Bradbury *v.* Reed, 23 T., 258; Harwood *v.* Blythe, 32 T., 800; Cooper *v.* Hugo, 37 T., 445; Holliman *v.* Griffin, 37 T., 453; Stephens *v.* Hix, 38 T., 656.