RANDOLPH UPDIKE, Appellant, *v.* George W. HENRY, Appellee.

APPEAL FROM KANE.

Where the defendant agreed generally to make three lumber wagons for the plaintiff within a limited time : —

*Held,* that no title passed to the plaintiff, on the completion of the wagons, without a delivery by the defendant. Therefore, an action of replevin would not lie for the same, under said contract, but the remedy of the plaintiff was an action for the breach of the contract in not delivering the wagons according to its terms. Nor was it any error in the court below to refuse a continuance on account of the absence of a witness by whom the plaintiff could have proved the contract to deliver the wagons, and that the price was paid in advance, as such evidence did not show any title in the party to the wagons replevied.

THIS was an action of replevin, brought by the appellant against the appellee, in the Kane Circuit Court, WILSON, Judge, and tried at the November term, 1852, and judgment rendered in favor of appellee, the defendant in the court below. The plaintiff below appealed. The facts of the case appear in the opinion of the court.

J. H. MAYBORN, for appellant.

H. HARRINGTON, and GLOVER & COOK, for appellee.

TREAT, C. J. The plaintiff was not entitled to a verdict. The evidence failed to show that he was the owner of the property in question. The defendant agreed generally to make three lumber wagons for the plaintiff within a given time. The contract did not relate to any particular wagons. It was in the power of the defendant to fully perform it, by the delivery of three lumber wagons of his manufacture within the time limited. It was not like a contract of sale of the three wagons that should be first made; or of that number of wagons to be made out of certain specified materials. In the case of such a contract, the wagons, when finished, might perhaps, without any further act on the part of the seller, become the property of the purchaser. But upon this contract, the title to the wagons replevied did not vest in the plaintiff on their completion. Something more had to be done by the defendant. The wagons had to be delivered to the plaintiff, or pointed out as those which he should receive under the contract. He had no right to go to the defendant's manufactory, and select any par-

ticular wagons.   The articles in question were never delivered to him, nor set apart for him.   As that was not done, they continued to be the property of the defendant, and the plaintiff could not maintain replevin for them.   Low *v.* Freeman, 12 Illinois, 467.   His remedy was an action on the contract, for the failure to deliver the wagons according to its terms.

The circuit judge took the same view of the case, and his instructions were unexceptionable.   He instructed the jury in substance, that the action could not be maintained, unless the wagons were delivered, or designated as those which the plaintiff might have under the contract.   No question arises on the refusal of the court to give the plaintiff's third instruction, as the record fails to show that any exception was taken.

Nor did the court err in refusing to grant a continuance.   The action could not be maintained on the testimony of the absent witness.   His testimony would not show title in the plaintiff. It would only prove that a contract was made to deliver the lumber wagons, and that the price was paid in advance.   That would be insufficient, without additional proof that the wagons had been delivered or pointed out by the defendant.   It could only be material in connection with other evidence; and it was incumbent on the plaintiff to set forth its materiality in the affidavit.   This court said, in the case of Bailey *v.* Hardy, 12 Illinois, 459 : " Where testimony is important only in connection with certain facts, those facts should be set forth or referred to, so that the materiality of the evidence may be apparent to the court.   The court is not to presume that a state of case may arise, that may render the testimony important; but the party himself must affirmatively show, that he cannot safely proceed with the trial without the evidence."   The application was clearly obnoxious to this objection.   It failed to show that the plaintiff could derive any benefit from the testimony of the witness.

The judgment is affirmed.

*Judgment affirmed.*