## Barrett v. Turner.

SALE OF PERSONALTY : *Delivery.* Delivery may be actual or symbolical; but it must be some act indicating a purpose to pass possession of the property absolutely to another.

REPLEVIN : *Right to recover.* The defendant agreed to deliver to the plaintiff certain personal property in consideration of the deeding to him of certain land. Before performance, he learned of a defect in the title to the land, and placed the personal property in an agent's hands, with directions to deliver the same to the plaintiff upon payment by him of a certain sum. *Held,* that replevin would not lie.

This was replevin brought in the District Court for Otoe County, in which a judgment upon the verdict of a jury was rendered in favor of the plaintiff. The defendant brought petition in error to reverse the judgment.

CROUNSE, J.

On the twenty-first day of April, 1869, the defendant in error filed his petition in the Court below, complaining that he was the owner and entitled to the possession of the property claimed ; and that the plaintiff in error, with Hawley, Burks, & Co., unlawfully detained the same. An order of delivery was issued, under which the property was taken, and passed to the plaintiff in the action. The claim of ownership is based on the following writing, introduced by him in evidence ; to wit : —

" In consideration of the deeding to me of the northeast quarter and the north-west quarter of section No. 35, in township 6, north in range 7, east of sixth principal meridian, three hundred and twenty acres more or less, by Richard F. Barrett and wife of Brownville,

BARRETT *v.* TURNER.

Neb., I hereby agree to deliver to the said Barrett five hundred thousand good merchantable Osage orange-plants, in good order, in bulk, on the cars at Phelps Station, on the St. Joe and Council-Bluffs Railroad, in season for setting the ensuing spring; said plants to be of the kind and size ordered by the said Barrett of me, at two dollars and twenty-five cents per thousand.

" Witness my hand and seal this ninth day of March, 1869.

(Signed)        " J. B. TURNER."

By correspondence between the parties subsequent to this time, the place of delivery was changed from Phelps Station to Nebraska City. From some advices received by Turner, doubts arose in his mind as to the validity of the title to the land mentioned in the agreement. So, instead of sending any plants to Barrett, he sent five hundred thousand plants to Nebraska City, directed to his own name, accompanied with the following instructions to the railroad or express agent at that place; to wit : —

" JACKSONVILLE, April 9, 1869.

" I propose to deliver five hundred thousand good merchantable plants for a certain tract of land, — three hundred and twenty acres in Gage County, — sent to Richard F. Barrett of Brownsville, Neb., in place of receiving two dollars and twenty-five cents cash for them per thousand, according to the original order from Mr. Barrett, made last fall. But the land proved embarrassed by fault of a third party, as alleged before the plants were shipped. To give time to defend myself, and prevent needless delay and embarrassment to Mr. Barrett, I have ordered the plants shipped to my own name, so as to have them seasonably on the ground. This is to order that the express agent or the railroad agent in whose care these plants are is hereby author-

ized to deliver the whole or any part of said plants, according to the marking on the boxes or packages, to any person authorized to receive them by the said Barrett, on receiving two dollars and twenty-five cents per thousand ($2.25 per M), in deposit to my order for said plants, or for so many of them as may be delivered. This is done to prevent embarrassment in Mr. Barrett's work till I can send up an agent to fully adjust the matter. The plants were put on the cars to-day, tied in bunches, four bunches to the thousand plants, count guaranteed. I am to pay the freight.

"J. B. TURNER.

"P.S.—I will not order the money withdrawn till the matter can be adjusted, if within one month."

At the time of shipping, Turner sent a letter to Barrett, advising him what he had done. Barrett declining to receive the plants sent on the conditions above, he offered to Hawley, Burks, & Co. the freight and charges on the same; and, upon their refusal to deliver them, instituted this action. From this statement it will be seen that Turner's contract was executory. No specific plants were bargained for, or in contemplation of the parties. In a given time, and at a place agreed upon, he was to deliver to Barrett five hundred thousand plants of a certain quality. Whether he has ever performed his contract or not, is not known. If he has failed, he may be liable to an action for damages. But, until such delivery is made, I am at a loss to understand when or how any right of property arose which would enable the plaintiff to maintain this action. Delivery may be either real, by putting the thing sold into the possession or under the control of the purchaser; or it may be symbolical, where the thing does not admit of actual delivery, as by the key of a warehouse, or the delivery of :

BARRETT *v.* TURNER.

other *indicia.* But there must be a delivery one way or the other, or the property is not absolutely divested from the vendor. *Hunn* v. *Bowrie,* 2 *Caines,* 44. Delivery is not the result of trick or accident: it must have the purpose of the vendor. This may be evinced by marking or putting them apart for the use of the vendor, or in various ways. Whether the title to the land deeded to Turner was perfect or not, is immaterial. Turner chose to act upon the safe side, and refused a delivery under the contract. He subjected himself to an action for a failure to perform if the title was perfect; but, until he did perform, Barrett had no right to the plants in question.

Because there is justly owing me ten dollars, I am not warranted in seizing the first ten dollars I may see in my debtor's possession. Nor, should he deposit that sum with a third person, with instructions to deliver it to me only on my signing a receipt in full of all demands, could I rightfully take it from such third party under an order of delivery. It is not the office of an action of replevin to enforce specific performance in the sale of chattels, where the vendor fails to deliver the property as he may have agreed.

In *Updike* v. *Henry,* 14 *Ill.,* 378, the defendant agreed to make and deliver three lumber-wagons to the plaintiff within a given time. When the defendant had made that number, upon his refusal to deliver them to the plaintiff, the latter brought an action of replevin. The Court held that no title passed, and that replevin would not lie; that plaintiff's remedy was a suit on the contract. 1 *Hil. on Torts,* 618.

Among the instructions given by the Court, and to which the defendant excepted, was one charging the jury thus: " If Turner, after being paid for the plants, sent the same in pursuance of his contract to an express

agent in Nebraska City to be delivered to the plaintiff, and undertook to impose additional terms upon the plaintiff, or to exact an additional price for the same, the plaintiff became entitled to the plants as soon as they arrived at Nebraska, without complying with such additional terms." Such instructions should not have been given. I have given all the evidence relating to any delivery, from which it is clear there was no delivery under the contract. On the contrary, the defendant positively refused to so deliver the plants, and was particular to avoid doing any thing from which any such intention could be drawn. The circumstance that they were sent to Nebraska City does not affect his relation to the property. They were sent to himself, and put under the control of his own agents, who offered them to plaintiff on the terms specified in the instructions given them by Turner. These conditions seem fair under the circumstances ; but whether so or not is immaterial. It was only by a compliance with them that the plaintiff could obtain possession of them. Choosing not to do this, his remedy would be one on the contract for damages.

The judgment of the Court below must be reversed, and a new trial ordered.