H. C. GRAVES ET AL. V. CHARLES F. DAMROW.

[FILED DECEMBER 18, 1889.]

1. **Sale: DELIVERY.** A delivery of personal property by a vendor to a vendee may be actual or symbolical, but it must be by some act indicating a purpose to pass possession of the property, absolutely, to the vendee in order to entitle the vendee to maintain an action of replevin for its possession.

2. ———: REFUSAL TO DELIVER. In such case where the vendor refuses to deliver the property in accordance with the terms of his contract of sale, the vendee's remedy would be an action upon the contract for damages for failure to perform the contract of sale.

3. ———: ———: REPLEVIN NOT THE REMEDY. Plaintiffs in error through their agent sold and agreed to deliver to defendant in error a bill of trees and shrubbery and received part payment therefor at the time of the contract. The delivery was to be made at a future day. On the day set for the delivery of the property plaintiffs in error refused to deliver the same until the whole amount of the purchase price was paid by defendant in error. When defendant in error tendered the amount unpaid and replevined the property, it was *held*, that replevin would not lie.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Sawyer & Snell,* for plaintiffs in error, cited *Barrett v. Turner,* 2 Neb., 172; *Goodman v. Kennedy,* 10 Id., 270; *O'Leary v. Iskey,* 12 Id., 136; *Baier v. Humpall,* 16 Id., 127; *Fuller v. Schroeder,* 20 Id., 631; *Kennedy v. Bank,* 7 Id., 59; *Wheeler v. Plattsmouth,* Id., 270; *Aultman v. Reams,* 9 Id., 487; *Kasson v. Noltner,* 43 Wis., 646; *Fletcher v. Sibley,* 124 Mass., 220; *Taylor v. R. Co.,* 74 Ill., 86, 89; *Rawson v. Curtiss,* 19 Id., 456; *Dutcher v. Beckwith,* 45 Id., 460; *Peabody v. Hoard,* 46 Id., 242; *Davidson v. Porter,* 57 Id., 300; Ewell's Evans on Agency, pp. 136-7; 1 Parsons, Contracts, 44.

*D. G. Courtnay,* for defendant in error, cited: *School Dist. v. McIntie,* 14 Neb., 46.

REESE, CH. J.

This was an action in replevin for the possession of a certain lot of fruit, forest, and shade trees, and shrubbery. The cause was brought into the district court by appeal. The petition of defendant in error, filed in that court, contained, among other averments, allegations that the goods were in the possession of the plaintiff in the action — defendant in error here — having been received by the execution of the order of replevin issuing from the lower court; that prior to the commencement of the action, by defendant in error, he tendered to plaintiff in error the amount due on said goods, but that plaintiff in error, having received a portion of the purchase price, refused to credit defendant in error with the same; that one George W. Dowden, now deceased, was the general and special agent of the said company, Henry Graves & Son, and had authority to sell the trees, giving credit, and collecting the money therefor in the county of Lancaster, and that defendant in error made the contract with plaintiff in error, with and through said Dowden, whereby Dowden agreed to deliver to plaintiff said goods and merchandise; that only a portion of the goods so purchased was delivered by the replevin. The copy of the bill was attached to the petition, showing the portion of the goods purchased which had been received. It was further alleged that the trees and shrubbery were recommended and warranted by said Dowden, as agent of defendant in error, as being sound, healthy, and in good and proper condition, and in all things ready for planting; that the purchase was made upon the said warranty of the trees being in a healthy condition, and that they would continue to grow. It was alleged that, relying on said warranty, defendant in error

purchased the property of the said Dowden, but that they were dead and of no value, and that a very small portion of the bill of trees, so purchased and replevied, had lived and grown.

The prayer of the petition was for the possession of the trees and shrubbery; that the ownership and right of possession might be found in defendant in error, and for costs.

Plaintiffs in error then filed a motion to strike the amended petition from the files, for the reason that it presented issues to the district court that were not before the court from which the cause had been appealed, and were entirely different from those presented in that court. The motion to strike was overruled, when plaintiffs in error filed their answer, denying the allegation of the petition, and alleging that plaintiffs in error were the owners of the property at the time it was taken from them by the order of replevin, and entitled to the same. Judgment was asked for the sum of $179.20, their alleged value. A jury trial was had, which resulted in a verdict and judgment in favor of defendant in error, who was the plaintiff in the case, for the possession of the property and one cent damages. The cause is now brought to this court by proceedings in error by plaintiffs in error, who were defendants below.

Upon the commencement of the trial, plaintiff in error objected to the introduction of any evidence, for the reason that the petition did not state facts sufficient to constitute a cause of action. This objection was overruled, and properly so, for, in addition to the allegations above referred to, the petition did contain an averment that the plaintiff in the action was the owner of and entitled to the immediate possession of the goods, and that they were unlawfully detained from him by plaintiffs in error. This was sufficient in replevin.

It appears from the evidence that Mr. Dowden, the agent of plaintiffs in error, entered into an agreement with defendant in error, by which he agreed for plaintiffs in

18

error to sell to defendant in error the bill of trees and shrubbery described in the petition, the same to be delivered to defendant in error in the city of Lincoln. That as a part of that contract it was agreed that defendant in error should deliver to the said Dowden certain clothing at a price then agreed upon, which was received as part payment of the purchase price of the bill of trees and shrubbery. The clothing was delivered to Mr. Dowden in accordance with the terms of the contract.

Upon the trial considerable time was devoted to the inquiry as to whether or not Dowden was authorized to receive payment for the bill of trees in the manner in which it was alleged the payment was made; or, whether in fact he was entitled to receive payment in any form; also, whether or not, in his subsequent settlement with plaintiffs in error, plaintiffs in error recognized the payment by defendant to them and charged up to Dowden the amount received by him and received the money therefor.

As we understand the issues in replevin, both these inquiries were immaterial. Had the payment been made to defendant in error directly, and not to their agent, the action of replevin could still not be maintained. There is no claim that the property was ever delivered to defendant in error, or that plaintiffs in error ever at any time complied with their contract to deliver. It is true that there is some evidence that the trees and shrubbery were separated from others in the possession of plaintiff in error and placed to one side, but there was no delivery; and until such delivery, defendant in error could not maintain an action in replevin. (*Barrett v. Tanner*, 2 Neb., 172; *Goodman v. Kennedy*, 10 Id., 270.)

If plaintiffs in error had failed to comply with their contract in the delivery of the trees, the proper action for defendant in error was for damages for the non-performance of the contract; his damages in such case being the amount paid with legal interest thereon.

In a suit in replevin the gist of the action is the ownership, and the right to the possession of the property. Defendant in error not being entitled to the possession of the property at the time of the commencement of the action as against plaintiffs in error, the sole question for trial in the district court was one of damages. If the property at the time seized upon the order of replevin was of no value, plaintiff in error would not be damaged by being deprived of its possession, and therefore the extent of his right to recover would be merely nominal. If the property was of any value at the time of its seizure under the order of replevin, that value would be the measure of the damages of plaintiffs in error.

In an action of replevin the issues are very simple, the sole question being as to the right of property and the right of possession at the time of the commencement of the action.

The judgment of the district court is reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

THE other judges concur.