# CHARLESTON.

## WAYNE v. CYPHERS *et al.*

Submitted April 17, 1917.    Decided May 1, 1917.

1.  DETINUE—*Cause of Action—Title and Right of Possession.*

    In an action of detinue to justify recovery plaintiff must aver and prove title and right of possession, unconditional and not subject to some special right or interest of the defendant therein. (p. 338).

2.  SAME—*Measure of Damages.*

    In an action of detinue the measure of damages for the unlawful detention of the property sued for is ordinarily the value of the use of the property from the time of its detention to the date of the verdict, but special circumstances may operate to change this general rule. (p. 339).

3.  SAME—*Measure of Damages—Animals and Machinery.*

    Where the property sued for consists of work horses or mules, or valuable machinery, or the like, the measure of damages for the unlawful detention thereof is the value of the use thereof during the time of the unlawful detention, and does not include deterioration in the value thereof due to time or ordinary use, such damages being covered by the value of the ordinary use of the property. (p. 340).

4.  SAME—*Measure of Damages—Deterioration.*

    But where the deterioration is extraordinary and the result of the abuse or negligent use of the property, such extraordinary damages may be included in the verdict.   (p. 341).

5.  SAME—*New Trial—Verdict—Judgment—Issue.*

    Where in such actions separate pieces or items of property are sued for the jury should find the value of each piece of property separately, and not a lump sum, before judgment can be pronounced for the possession of the property or the alternative value thereof.   But if there is no other error in the judgment the new trial awarded may be limited to that issue alone.   (p. 341).

Error to Circuit Court, McDowell County.

Action by Arthur Wayne against J. M. Cyphers and others.   Judgment for plaintiff, and defendants bring error.

*Reversed, verdict set aside, and new trial granted.*

. *G. W. Howard* and *Anderson, Strother, Hughes & Curd,* for plaintiffs in error.

*Strother, Taylor & Taylor* and *Joseph M. Crockett,,* for defendant in error.

MILLER, JUDGE:

In an action of detinue plaintiff sued defendants for the possession of "one black horse mule, about seven years of age named Joe, worth $150.00, and one black horse mule about eight years old named Jack, worth $150.00", and also for damages for the unlawful detention thereof, laying his damages at $1200.00. Defendants' plea was not guilty.

On the trial the verdict of the jury was, "We, the Jury, upon the issue joined find for the plaintiff the mules described in the declaration, if they can be had, and if they cannot be had, we find the value of them to be the sum of $150.00, and we further find for the plaintiff the sum of $308.00, for the unlawful detention thereof"; and the judgment, which the defendants now seek to have reversed, was in the alternative and strictly in accordance with the verdict and included interest on each of the sums so found by the jury from June 19, 1915, the date of the verdict, until paid.

The evidence of the plaintiff on the question of title and right to possession of the property, in substance, is that in the first instance he agreed to loan the money to buy the mules to Cyphers and Johnson, who had a logging contract, with the understanding that he was to have a deed of trust on the property to secure him, to be executed by Cyphers and Johnson; that the mules were purchased for $300.00, and paid for with the money provided by him, and there not being time on the day of the purchase, nor for two or three days thereafter, to have the papers prepared and executed, it was agreed that plaintiff should have possession of the mules and that during which time they were worked on the logging job by the parties; that on the day first appointed to meet and have the deed of trust prepared Johnson did not appear, but that on a later date agreed upon, and while on the way to the office of a justice of the peace, a new agree-

ment was made, whereby plaintiff was to retain the mules for the $300.00 advanced to pay for them, he to take over the logging job of Cyphers and Johnson, and Johnson the sawing job, but that the next day it was agreed between plaintiff and Cyphers that they should join together in the logging business, Cyphers to put in the three mules he had, and the plaintiff the mules in question here, each to own his own mules in severalty, but together they were to purchase one or more other teams for the purpose of carrying on the business. There are other details of the contract and subsequent dealings between them which are unimportant in the disposition of the case.

There is some conflict, however, between the evidence of plaintiff and that of defendants, but it does not differ materially on the main facts. Cyphers' contention, however, is that as the money was advanced to him by plaintiff, and he negotiated the purchase of the mules, and paid for them out of the money thus loaned him, he and not Wayne had the title to the property, and the right of possession, and that the relationship between him and Wayne growing out of the transaction was that of debtor and creditor, wherefore plaintiff was not entitled to recover the property, and that the judgment should be reversed.

On the question of possession plaintiff's evidence was that though the mules were in a stable owned by defendants, they were as much in his possession as that of Cyphers, for they had been engaged up to the time he took them away in a joint enterprise under the agreement referred to, that he had never parted with the possession thereof after advancing the money for them, and that the title to the mules was complete in him.

The first point of error relied on is that conceding the contract to be as plaintiff claimed, it was conditioned on his performance of the contract to do the logging, and that Cyphers parted with the right and title to the mules upon this condition, which plaintiff broke by subsequently, and before completing the contract, taking the mules away, and declining to go on with the contract.

It is quite true that in detinue it is necessary to aver and

prove title and right of possession in the plaintiff. *Burns Bros.* v. *Morrison,* 36 W. Va. 423; *McFadden* v. *Crawford, Id.* 671; *Robinson* v. *Woodford,* 37 W. Va. 377. But as the verdict was for plaintiff, the jury evidently accepted his version of the contract, which was unconditional. True he entered into the logging contract with Cyphers, and he possibly might be liable in damages for breaches of that contract, but that is not a question before us for decision. The agreement was that he was to take the mules for the money he had advanced to pay for them. This was unconditional. Cyphers paid nothing for the mules, never secured the plaintiff for the money originally loaned him, otherwise than by turning over the mules to him. Nor did he by the terms of the contract obtain any special interest or property in the mules. He retained no lien upon them for the performance of the contract of logging; he does not so swear, nor is there anything in the evidence justifying such a conclusion. The verdict of the jury must be regarded as against him upon every point of his contention.

The second point of error relied on is that the court, over defendants' objection, permitted plaintiff to prove as an item of damage the detention of the mules from February 1, 1915, to July 17, 1915, a period beyond the date of the verdict. Plaintiff was referred to an item in his bill of particulars as follows: "To damage for the detention of the said mules by the defendant from February 1st, 1915, to the 17th day of July, 1915, at $1 per day, $232.00", and was asked whether this item was correct, and he answered that it was. The bill of particulars is not in the printed record, nor is the original or the transcript of the record now before us; so we cannot compare them to ascertain if there is error in the printed record. But he further testified that the mules were worth one dollar per day each, or two dollars for both, from the time they were taken from him to the date of the verdict, and that they were taken out of his possession on December 7, 1914. Of course he could not recover for a period beyond the date of the verdict. In detinue the measure of damages for the unlawful detention of property is ordinarily the value of the use of the property from the time it has been unlaw-

fully detained to the date of the verdict. *McGinnis* v. *Savage,* 29 W. Va. 362. Special circumstances may, however, operate to change this general rule, as in cases to be hereafter referred to. We have seen the jury found $308.00, as damages for the unlawful detention of the property, a sum in excess of the item in the bill of particulars. According to the item in the account the value of the use is laid at $1.00 for both mules, which would not amount to $232.00; if that value was $1.00 per day for each mule, as elsewhere stated by plaintiff, counting working days only, from December 7, 1914, to June 19, 1915, it would amount to $332.00, instead of $232.00, in the item of the account. On this evidence how was the jury to arrive at a correct verdict? They could not do so. Besides, is not the verdict for damages for the use of the property excessive? The evidence on this question may be stronger in this case than in *McGinnis* v. *Savage,* *supra,* but in that case the judgment was reversed because, among other grounds, it was excessive and founded on a wrong view of the evidence, and of the true measure of damages in such cases. We are inclined to hold the same is true of the verdict in the case at bar.

The jury, moreover, were told, by plaintiff's instruction number three, without proof of any special circumstances justifying it, that if they believed from the evidence that the value of the mules at the time of the verdict was less than when defendants took possession of them they should find for the plaintiff in addition to awarding him the possession thereof an amount sufficient to cover the difference. This instruction was objected to on the trial, but counsel do not seem to rely on this as a point of error. The proposition involved, however, is relied on to support the size of the verdict, and for it they cite and rely on 9 R. C. L. 153, section 7, and cases cited. As stated by this authority the measure of damages in the absence of special circumstances is the value of the use of the property plus its deterioration and the necessary expense of recovering it. The only decision cited for this text is *Winstead* v. *Hicks,* 135 Ky. 154, where the rule is stated in a dictum, for the question was not there presented. Besides it is not the rule of reason, nor

the rule of this court as stated in *McGinnis* v. *Savage, supra.* Mr. Minor says of the choice of remedies in such cases, trover or detinue, if plaintiff chooses the latter he cannot recover for deterioration in value, as the measure of damages then is as stated in *McGinnis* v. *Savage, supra.* IV Minor, pt. 1, 450. This means deterioration due to the ordinary and reasonable use of the property.

But we think that reason, if not the weight of authority is that where the deterioration is extraordinary or the result of the abuse or negligent use of the property by defendant while unlawfully detained by him, the amount of the damage thereto may be recovered in detinue as well as in any other form of action. When the deterioration in value is due to the ordinary and proper use of property like horses and mules, the value of the use thereof should ordinarily be regarded as covering such depreciation in the value thereof. 4 Sutherland on Damages, (4th ed.) 4317, citing *Odell* v. *Hole,* 25 Ill. 204, and other cases; *Manning* v. *Grinstead,* (Ky.) 90 S. W. 553, 554-5; *Rosecrans* v. *Asay,* (Neb.) 68 N. W. 627. There are cases, however, supporting the instruction, but we think as applied to property like horses and mules having such valuable use the value of the use should cover all the ordinary damages. All that the owner ought to be allowed to recover is such sum as will make him whole and not an additional sum as punishment to the defendant. We think, therefore, that the instruction was too broad and may have misled the jury. The evidence fails to show the circumstances causing the depreciation in value of the mules while detained by defendants. The rule would be different perhaps in the cases of property not having such valuable uses as work horses and mules, or as valuable machinery and the like.

The third or last point is that the verdict should have been set aside because the jury found a lump sum for both mules, and not the value of each, as the law requires. This point seems to be well taken. *White* v. *Emblem,* 43 W. Va. 819. But for other errors in the verdict and judgment, however, we would be justified in simply awarding a writ of enquiry de novo to ascertain the respective value of the mules sued for.

*Cornwell* v. *Truss,* 2 Munf. 195; *Higginbotham* v. *Rucker,* 2 Call 313; *Moss* v. *Campbell's Creek R. R. Co.,* 75 W. Va. 62; *Crockett* v. *Black Wolf C. & C. Co., Id.* 325; *Austin* v. *Calloway,* 73 W. Va. 231; *Brogan* v. *Traction Co.,* 76 W. Va. 698; but because of other error, for which the judgment must be reversed, we cannot limit the new trial awarded to the single issue.

For the foregoing reasons the judgment will be reversed and a new trial awarded.

*Reversed, verdict set aside, and new trial awarded.*