# CHARLESTON.

JOE GRAHAM *v*. F. T. BRIGHT AND TROY B. WILMOTH.

Submitted May 9, 1922.    Decided May 16, 1922.

1. DETINUE—*Jury Must Make Finding of Value of Property and
Damages Against Plaintiff Holding Property Under Bond;
Finding of Jury as to Value of Property Conclusive in Action
on Bond Unless Reversed or Set Aside.*

   Where, in an action of detinue, the plaintiff at the beginning
   of the suit, or at any time during its pendency, executes a
   bond, as provided by statute, for the purpose of securing pos-
   session of the property sued for, and takes possession thereof
   under such bond, and the verdict of the jury upon the trial
   of the case is in favor of the defendant, the jury must also
   ascertain and fix the value of the property at the date of the
   verdict, as well as any damages which may have been sus-
   tained by the defendant by reason of being deprived of posses-
   sion of the property during the pendency of the action, or by
   reason of injury to the property during such time, and the
   findings of the jury upon these questions will be final and con-
   clusive between the parties, unless reversed or set aside. (p.
   237).

2.  SAME—*Where Verdict Was for Defendant, Judgment Will provide for His Recovery of Possession of Property or Alternate Value Thereof and Damages, and Tender of Property a Satisfaction of Judgment as to Value.*

    In such case the judgment of the court shall be that the defendant recover the possession of the property, if it can be had, and if not, then the alternate value thereof as found by the verdict of the jury, as well as the damages, if any, found by the jury, and the costs of the suit, and if the property involved in the suit is taken possession of by the sheriff under a writ of possession sued out by the defendant and tendered to him, that will constitute such satisfaction of the judgment as to bar any suit for the recovery of the alternate value of the property as found by the jury.     (p. 237).

3.  SAME—*Defendant Cannot Recover Upon Plaintiff's Bond for Damages to the Property Unless Damages Were Found by the Jury or Occurred After Judgment and Before Delivery.*

    If in such case the jury do not find any amount of damages to which the defendant is entitled by reason of being deprived of the possession of the property during the pendency of the suit, or by reason of the property being injured during such time, no recovery can be had in a suit upon a bond given by the plaintiff under which he took possession of the property for such damages, unless it be shown that the property was damaged after the rendition of the judgment, and before its possession was delivered to the defendant. (p. 239).

4.  SAME—*Defendant Procuring Verdict Must Have Damages Fixed by Jury for Injury or Deprivation of Use of Property.*

    In such case the defendant is not entitled to elect whether he will receive the property involved in satisfaction of the judgment, or its alternate value.     If the property can be had he must accept the same if offered to him in satisfaction of that part of the judgment, and if it has been injured during the time that it has been in the possession of the plaintiff, or if he has been damaged by reason of being deprived of its use, he must have these damages fixed by the verdict of the jury and judgment rendered in his favor therefor in the detinue suit.     (p. 239).

Error to circuit court, Randolph County.

Action by Joe Graham against F. T. Bright and Troy B. Wilmoth on a bond given in an action by the defendant Bright against the plaintiff in detinue for possession of an automo-

bile.   Judgment for plaintiff, and defendant Troy B. Wilmoth brings error.

*Reversed and remanded.*

*W. B. & E. L. Maxwell,* for plaintiff in error.

*A. M. Cunningham,* and *W. A. Arnold,* for defendant in error.

. RITZ, JUDGE:

In an action of detinue brought by F. T. Bright against Joe Graham, for the recovery of the possession of an automobile, the plaintiff gave a bond in accordance with the provisions of § 1 of ch. 102 of the Code, and took possession of the automobile sued for, the defendant not giving the counter bond provided by § 4 of that chapter.   A trial of the action of detinue resulted in a verdict and judgment for the defendant.   In a suit upon this bond against Bright and his surety, the plaintiff Graham had judgment for the sum of $739.63, representing the value of the automobile as found by the jury in the detinue case, with interest thereon from that date, and the defendants bring the case here by writ of error for review.

The facts involved in this case are not in dispute.   The defendant Bright brought an action of detinue against Joe Graham, the plaintiff in this suit, to recover the possession of an Empire automobile which he claimed Graham wrongfully withheld from him.   At the time of the institution of that action Bright gave a bond, with Troy B. Wilmoth as surety, as provided by § 1 of ch. 102 of the Code, and the defendant failing to give a counter bond within the time provided by law, the sheriff seized the automobile and turned it over to Bright, who held the same pending the detinue action.   That case was tried more than a year after its institution, and resulted in a verdict in favor of the defendant, and the plaintiff being in possession of the automobile the jury, under the requirements of the statute, found the value of the same to be $610.00, but made no findings as to the damages to which the defendant was entitled by reason of

being deprived of the possession of the machine pending the detinue suit. The court rendered judgment upon this verdict that the defendant recover the automobile involved in the suit if the same could be had, and if not, that he recover the alternate value thereof, $610.00, with interest from the date of the judgment, as well as the costs of the action. Shortly after the rendition of this judgment the defendant in that suit, the plaintiff in this case, sued out a writ of possession for the automobile, and also an execution for the costs recovered by him. These writs went into the hands of the sheriff who collected the costs and disbursed the same to the parties entitled thereto. He also, in obedience to the writ of possession, seized the automobile and tendered it to the plaintiff here, who refused to receive it upon the ground that it was not in the condition in which it was at the time it was taken from him at the beginning of the detinue action. Upon his refusal to receive it the sheriff stored it and gave him notice that it was subject to his order, and that the same would be delivered to him at any time upon request. Graham never took possession of the machine, and after it had remained in storage for sometime the warehouseman who had the custody of it brought a suit to sell it for the storage charges. Such proceedings were had in that suit that it was sold under a decree of the court for the sum of $160.00, all of which proceeds were applied to the payment of costs of the suit and the storage charges. Graham then brought this suit against Bright and Wilmoth upon the bond given in the detinue action for the purpose of recovering the alternate value of the machine as found by the jury, to-wit, $610.00. It appeared that during the time the detinue suit was pending Bright used the automobile as a taxicab, and that it was considerably damaged in such use, and was not worth nearly so much at the time of the trial of the detinue action as it was at the time of the institution of that suit, but it appeared that some little time before the trial of the case the automobile had been put in a garage, and had not been used from that time until it was seized by the sheriff and possession of it tendered to Graham. Notwithstanding

this fact, the jury did not find any damages in favor of Graham for having been deprived of the use of his automobile under the bond given in the detinue suit, or for any injury which had been done to it during the time it was in the possession of Bright.

Upon the trial of this case the defendants insisted that the plaintiff was not entitled to recover for the reason that the conditions of the bond had been performed. The costs awarded to the defendant in the detinue suit had been paid, and the property involved in that suit had been seized by the sheriff under a writ sued out by the defendant and had been tendered to him, and inasmuch as the jury had found no damages for the detention of the property, or for any injury that had been done to it, no such damages could be recovered in this suit, the verdict of the jury in that suit being conclusive on that question, The plaintiff, on the other hand, contends that he was not obliged to receive the property in satisfaction of the judgment; that he could elect to take either the property or the alternate value, as found by the jury, and that inasmuch as the property when tendered to him was not in the condition that it was when it was taken from him, he did refuse to receive the property, and demanded the alternate value in its stead.

The rights of the parties to this suit are controlled largely by § 6 of ch. 102 of the Code, which is as follows: "Upon the final trial of any such action, if the verdict be for the plaintiff, and he be not already in the possession of the property claimed, the judgment shall be that he recover the possession of said property, if a recovery thereof can be had; and if not, that he recover the value thereof as found by such verdict; and in either event, that he recover the damages assessed by the jury for the detention of said property, and his costs in such action. And it shall be the duty of the jury in such cases to ascertain and assess such damages, as the plaintiff has sustained by reason of the detention of such property by the defendant. If the plaintiff be already in possession of such property the judgment shall be that he retain the possession thereof, and for damages and costs, as

aforesaid. In case the verdict at such trial be for the defendant, if the plaintiff be in possession of the property claimed, the jury shall, in like manner, ascertain and assess the damages sustained by the defendant by reason of the detention of said property by the plaintiff, and also the value of said property, and judgment shall be entered upon such verdict in all respects as is provided in case the verdict be for the plaintiff. If on an issue concerning several things in one count, no verdict be found for part of them, it shall not be error, but the plaintiff shall be barred of his title to the things omitted; and if the verdict omit price or value, the court may at any time have a jury impaneled to ascertain the same." It will be noted that this section provides that in a detinue action, where the plaintiff has taken possession of the property under a bond, as was the case here, if the jury find for the defendant, they shall, in addition to that finding, find the alternate value of the property, as well as the damages which the defendant has suffered by reason of being deprived of his property during the pendency of the suit. This section provides a clear and full remedy for determining all of the rights of the parties in a detinue action. If the verdict is for the plaintiff, the things to be found by the jury are carefully and particularly described, and if the verdict is for the defendant, and the plaintiff has been in possession of the property under a bond, it is likewise pointed out with particularity just what findings shall be made by the jury, so that thereafter nothing would remain to be done except to execute the judgment. The jury in a case like this, when it finds for the defendant, is required to find the value of the property, and also to find what, if any, damages, the defendant sustained by reason of being deprived of his property by the plaintiff. When these things are found by the jury the court then enters judgment upon the verdict in accordance with the findings, and that judgment is that the defendant recover the possession of the property if it can be had; and if it cannot be had, then its alternate value; and in either case, that he recover the damages found by the jury, as well as the costs of the action. The plaintiff argues that

the alternate value of the property, as well as the damages
for its detention, are to be fixed by the jury as of the date
of the institution of the suit, and not as of the date of the
verdict, but this is not the law.   We held in *Wayne* v.
*Cyphers*, 80 W. Va. 336, that the damages found by the jury
must be as of the date of their verdict, and this is bound to
be true where the defendant recovers damages, for the very
good reason that if the damages sustained were fixed as of
the date of the institution of the suit, the statute would have
no force or effect at all, because the property   cannot   be
seized by the plaintiff until after the suit is instituted.   It
will thus be seen that if the plaintiff's contention that the
damages must be fixed as of the date of the institution of the
suit is correct, the statute would have absolutely no applica-
tion whatever as applied to this case.   We think it is quite
clear that this statute means just what its words clearly im-
port, and that is that in any suit involving the title to per-
sonal property the party finally prevailing shall have the prop-
erty itself if it can be had; and if he has been deprived of the
possession of it by the other party, he shall be compensated
in damages therefor.   If the property cannot be had, in addi-
tion to compensation in damages for being deprived of it, or
for any injury that may have been inflicted upon it, he shall
recover the value of the property at the date of the jury's
verdict, and when he receives the property and the dam-
ages he is made whole; or, if he cannot get the property,
when he is paid the alternate value thereof and the damages,
he is fully compensated.   Now in this case the plaintiff sued
out a writ of possession.   He took the property, and while he
would not receive it from the sheriff, Bright was deprived of
it, and it was never returned to him, so that if the plaintiff
here is allowed to recover the alternate value of the property,
Bright would be made to satisfy the judgment twice, that is,
he would be compelled to pay for the property, and also to
lose it.   The law never contemplated any such condition.

But it is insisted by the plaintiff that the property was
very severely damaged during the time that Bright had the
possession of it, pending the trial of the action of detinue,

and this appears to be well established by the evidence. He had a right to recover these damages in the detinue suit. The law requires that the jury shall make a finding on that question, and of course if they make no finding it is equivalent to finding that no damages were sustained when the judgment rendered is involved in another proceeding. There are some authorities cited and relied upon by the plaintiff holding that under circumstances similar to those existing here he would be entitled to elect whether he would take the alternate value of the property, or take the property itself. In some of those cases the decision was controlled by statute, but in none of them is there a holding that the party who is adjudged to be the owner of the property may have both the value of the property and the property itself, as is the real contention of the plaintiff in this case. If the plaintiff in that suit did not prove the damages to which he was entitled by reason of being deprived of his property pending the detinue suit, we cannot in this suit remedy that failure. The bond given was for the purpose of paying all costs and damages which might be awarded in the detinue action, and to have the property forthcoming to meet the judgment rendered therein, and when the obligors in the bond have surrendered the property in accordance with the mandate of the judgment, have paid the costs awarded against the losing party in the detinue suit, and any damages which may be awarded in that suit, the judgment has been fully satisfied, and no recovery can be had upon the bond, unless, perchance, it should appear that after the judgment in the detinue suit injury was done to the property before it was turned over in satisfaction of the judgment. In this case no such showing is made. In fact, no attempt is made to recover anything except the alternate value of the property as found by the verdict of the jury. This conclusion is in accordance with the clear mandate of our statutory law, and is well supported by the authorities where similar statutes have been involved. *Douglas* v. *Douglas,* 21 Wall. 98.

The judgment of the circuit court will be reversed, the

verdict of the jury set aside, and the case remanded for a new trial.

*Reversed and remanded.*