## CRIM et al. v. LUKENBILL et al.
### (No. 3727.)

Court of Civil Appeals of Texas. Texarkana.
Aug. 8, 1929.

Rehearing Denied Oct. 3, 1929.

Lasseter & Simpson and T. B. Ramey, Jr., all of Tyler, for appellants.

Gentry & Gray, of Tyler, for appellees.

HODGES, J. This suit was filed by Mrs. Nettie Lukenbill, joined · by her husband, against Tom P. and Ray B. Cooper, and also against Earl Crim and S. F. Morris; the latter composing a partnership doing business under the name of Crim Motor Company. In her amended original petition the plaintiff alleged that the Coopers were the owners of

two weekly newspapers, the Tyler American and the Lindale News; that on or about September 26, 1927, they announced the beginning of a subscription contest, wherein the capital prize, an all American two-door Oakland sedan, was to be awarded to the winner of the contest, that is, to the person who received as a result of the contest the greatest number of credits. The contest was to end on the 3d day of December following. The plaintiff Mrs. Lukenbill entered into a contract with the Coopers whereby she became a contestant for the prize and thereafter solicited subscriptions and advertising contracts for the papers above mentioned, under the terms announced. At the time the contest was inaugurated the Coopers announced that the Oakland sedan to be given away as the capital prize had been purchased from the Crim Motor Company and was on exhibition in the showroom of that company. It was further alleged: That "on or about September 26, 1927, the Crim Motor Company, a partnership composed of Earl Crim and S. F. Morris, defendants above, displayed in their showrooms in Tyler, Texas, an all American two-door sedan which they announced was to be given to the winner of the first prize in the contest sponsored by the Tyler American and Lindale News, and upon which they placed and permitted to be placed a placard announcing such fact to all who might come to said showroom; that at no time between the dates said placard was placed upon said car and said announcement made on December 2, 1927, the date of the ending of the contest, did the Crim Motor Company nor Earl Crim nor S. F. Morris nor their agents correct said impression; that this plaintiff and her representatives called upon the said Crim Motor Company and Earl Crim and the agents of said defendants at different times up to and including the week of December 3, 1927, and were informed that the winner of the first prize in said contest would be given said car, and upon specific inquiry at no time did they inform this plaintiff that said car would not be given to the said winner nor that said car had not been paid for; and, relying upon the representations above, this plaintiff entered and remained in said contest to the end thereof and devoted her time and energies toward securing subscriptions and advertising contracts for said Tyler American and Lindale News, and collected the amounts due thereon to the said papers and turned over said amounts to said Ray B. and Tom P. Cooper and their agents." It was alleged that at the end of the contest the plaintiff was declared by the judges to be the winner, she having received the greatest number of credits, and was therefore entitled to the capital prize. After the award was made she demanded possession of the car, and her request was refused. The prayer was for judgment for the possession of the car or for its value, the sum of $1,275. She later applied for and secured a writ of sequestration, which was levied on an Oakland sedan car in the possession of the Crim Motor Company. The car was afterward released upon the execution of a replevin bond by Crim and Morris, with Sam R. Greer and C. Alexander as sureties.

The Coopers answered by a general demurrer and general denial, and specially pleaded that the plaintiff had violated the rules of the contest and as a result the contest became a failure.

Crim and Morris answered by a general demurrer and general denial. They also pleaded specially that they were in no way connected with the subscription contest; that they had only agreed with the Coopers to sell them a two-door Oakland sedan automobile for a cash consideration; that the Coopers never paid the cash consideration, and for that reason the car was never delivered to them. They also specially denied having made any representations by a placard or otherwise to the plaintiff that the car was to be given to the winner of the contest.

The plaintiff Mrs. Lukenbill replied by a supplemental petition, alleging that defendants Crim and Morris were estopped from denying their liability, because of the following facts: (1) They permitted the Coopers to continue to advertise the contest and the giving away of the automobile, with full knowledge of the same; (2) by reason of placing and permitting to be placed on the automobile in their showrooms a placard announcing that said car would be given to the winner of the contest; (3) by reason of having informed the plaintiff that the automobile sued for would be given away, thereby encouraging her to continue to solicit subscriptions and pay money to the Coopers; (4) by reason of the fact that upon specific inquiry as to whether said car had been paid for, defendants failed to inform plaintiff that said car had not been paid for, or that it would not be given away unless it was paid for.

The evidence shows that the Coopers, as owners of the papers described by the plaintiff in her petition, inaugurated what they called a "contest" about September 26, 1927. Circulars describing the terms and conditions of the contest were printed and distributed, and the two newspapers owned by the Coopers carried similar advertisements. The purpose of the contest, as stated in the advertising matter, was to enlarge the subscription lists of the two papers. A number of prizes were to be awarded, and the list was published. What was regarded as the capital prize was a two-door Oakland sedan, described by the plaintiff in her petition. Two other cars were to be awarded as second and third prizes, and other articles of less value were to be distributed. The published statement also provided that no contestant would be a loser; that those who did not receive specific prizes would be allowed a commission of 25 per cent. of the amount of subscriptions

and advertising matter which they collected. With each subscription a certain number of credits were to be allowed to the solicitor. Judges were selected, who were to tabulate the credits and determine who had received the greatest number, and the prizes were to be awarded accordingly. The testimony further shows that just before the time mentioned for the contest to end, the Coopers attempted to discontinue the contest, upon the grounds that they were not receiving sufficient funds to justify a distribution of the prizes. The plaintiff Mrs. Lukenbill, however, continued her efforts throughout, and upon a tabulation of the credits by the judges was declared to be the winner. Immediately after the announcement of the result, she demanded possession of the car and was refused. She testified that she entered the contest about October 7; that she had a written contract with the Coopers whereby she was to solicit subscriptions and also contracts for advertising matter. Some time after she entered the contest she called at the office of the Crim Motor Company and was informed by Earl Crim, one of the defendants in the suit, that a particular Oakland sedan car would be given away as the prize, and that this car had on it a placard stating that it would be given away as the capital prize in the newspaper contest. Crim testified that Mrs. Lukenbill called at his place of business on several occasions, but denied that he made the representations to which she testified.

The case was submitted to a jury on special issues, resulting in the following findings: (1) That Mrs. Lukenbill had not by words or acts endeavored to discourage other contestants and thereby prevent them from attempting to secure subscriptions to the newspapers. (2) That after the contest was commenced the Crim Motor Company did not have on display in its storeroom an all American two-door Oakland sedan automobile with a placard thereon announcing in effect that said automobile would be given to the winner of the contest. (3) That Earl Crim pointed out to the plaintiff Mrs. Lukenbill an all American two-door Oakland sedan in his showroom and told her that said car would be delivered to the winner of the contest. (4) That by reason of that representation Mrs. Lukenbill was induced to continue in the contest and solicit subscriptions and pay money collected to the defendants Cooper and the contest manager. (5) That the automobile pointed out to Mrs. Lukenbill as the one to be delivered to the winner of the contest is the same car as that described in the officer's return upon the writ of sequestration. (6) That Mrs. Lukenbill while the contest was on asked Earl Crim if the automobile in question had been paid for. (7) That in reply to that inquiry Crim did not tell her that it had been paid for. In addition to the findings of the jury, the court found that the value of the automobile was $1,275. Upon those findings a judgment was entered in favor of Mrs. Lukenbill against all of the defendants and the sureties on the replevin bond for the sum of $1,275, together with the sum of $2 per day from the 5th day of December, 1928, until the judgment was satisfied. The Coopers have, apparently, acquiesced in the judgment of the trial court. This appeal is prosecuted only by Crim and Morris and the sureties on their replevy bond.

In view of the disposition made of the case, we shall discuss only what we regard as the controlling question: Are the pleadings and evidence sufficient to support the judgment rendered against the appellants?

■ This is not an action for damages for the breach of a contract, or one to enforce the specific performance of a contract. The sole object of the suit is to recover the possession of an identified article of personal property, a two-door Oakland sedan automobile, or its value. A suit for specific property can be maintained only by one who is the owner of the property, or one who has acquired the right of possession as against the owner. While the plaintiff Mrs. Lukenbill does not in terms allege that she is the owner of the automobile, her claim of the right of possession can be sustained on no other ground. Since it conclusively appears from the evidence that the appellants Crim and Morris were the original owners of the car, and had actual possession at the time this suit was instituted, the burden rested on Mrs. Lukenbill to prove that she had in some lawful manner acquired their title. Dunn v. Choate, 4 Tex. 14; Wayne v. Cyphers, 80 W. Va. 336, 92 S. E. 590; Graves v. Damrow, 28 Neb. 271, 44 N. W. 234. This suit is similar in its nature and purpose to the common-law actions of detinue, replevin, and trover. In each of those actions it was necessary for plaintiff to allege and prove his title, or right to possession, to the specific article of property sued for. 3 Blackstone, 151–153; 1 Bouvier's Law Dict. 158, and cases referred to. The same requirement as to proof of title is essential in our practice in suits for the conversion of specific personal property.

■ If the appellee had no title or lawful claim to the possession of the particular car sued for, she had no right to a judgment against appellants for its value. As the basis of her claim for title she must rely upon her engagement, or agreement, with the Coopers. and the terms of their offer to give prizes to the winners in the contest. There is no evidence that at the time this contest was inaugurated the Coopers had purchased any automobile, or that they offered to award as a prize any particular car. The only reasonable construction that can be placed upon their published offer, and that is the agreement upon which the appellee relies, is that they agreed to give to the winner of the capital prize an all American two-door Oakland sedan automobile. No particular car was referred to or indicated. Such an offer when accepted and acted upon is not the equivalent of a contract

of sale, or an agreement to deliver to the winner any particular vehicle. At most, it was only an executory agreement, or promise to make a delivery in the future of some car corresponding to the published description. Such an agreement is not sufficient to convey a title to a particular car. Cleveland v. Williams, 29 Tex. 204, 94 Am. Dec. 274; 35 Cyc. 612, and cases referred to in notes. If Mrs. Lukenbill could claim no identified car from the Coopers, with whom she had contracted, certainly she has no such claim against Crim and Morris, with whom she had not contracted.

■■ While the judgment rendered against the appellants might be reversed upon that ground alone, we think there is still another equally as cogent. In order to entitle the appellee to the judgment recovered against the appellants, she had the burden of proving, not only that she had a contract with the Coopers for the conveyance and delivery of the particular car for which she sued, but that appellants were by their representations estopped to deny that the Coopers had a right to convey and deliver that car to the winner of the capital prize. Conceding that the evidence was sufficient to establish a contract on the part of the Coopers to convey and deliver a particular car, the evidence is not sufficient to prove the estoppel relied on.

■ The essentials of an estoppel have been thus stated: "(1) There must have been a false representation or concealment of material facts; (2) the representations must have been made with a knowledge of the facts; (3) the party to whom it was made must have been ignorant of the truth of the matter; (4) it must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced to act upon it." Bynum v. Preston, 69 Tex. 287, 6 S. W. 428, 429, 5 Am. St. Rep. 49. In her pleadings the appellee relies for an estoppel upon the following facts: (1) That Crim did not inform her that the car had not been paid for; (2) that he represented to her that it had been paid for and would be awarded as one of the prizes; (3) that she was induced by those representations to remain in the contest, and continued to solicit subscriptions for the Coopers' papers. According to the findings of the jury, Crim did not tell the appellee that the purchase price of the car had been paid. He owed her no duty, under the circumstances, to give that information concerning his private relations with Cooper. The Coopers were not offering to award that particular car; in fact, there is no evidence that they at any time asserted or pretended to assert any claim whatever to that or any other car in the possession of the Crim Motor Company. When the appellee made the inquiry of Crim concerning the payment of the purchase price, she did not tell him that her remaining in the contest depended upon the answer he gave to that question.

■■ It only inferentially appears that the appellee was in fact ignorant of the true nature of the transaction between the Coopers and the Crim Motor Company. The evidence shows that Lindsay, the campaign manager of the contest, took part in making the arrangements between the Coopers and the Crim Motor Company for the car, and that he must have been familiar with the details of that arrangement. Appellee testified that she inquired of Lindsay if the purchase price of the car had been paid, but she did not state what answer Lindsay gave. The inference would be, in the absence of some evidence to the contrary, that Lindsay told her the truth concerning the matter about which she inquired. If appellee learned from other sources the true status of the title to the car, she cannot claim in this proceeding that she was misled to her injury by what Crim told her.

Appellee entered the contest and agreed to its terms before she ever had any interview with Crim, and her own testimony shows that she was induced to continue in the contest, not by what Crim told her, but because several weeks after she had talked with Crim she secured a special written contract from the Coopers which was materially different from the contract between the Coopers and the other contestants. Moreover, Crim's statement that the car would be given away as a prize to the winner was not a declaration of an existing fact—that is, that the Coopers had acquired a title to that car—but a statement of something that would be done in the future. That statement is entitled to no higher legal significance than a promise to deliver the car in the future, or a guaranty that the Coopers would make such a delivery at the end of the contest. But the appellants are not sued in this proceeding for the breach of a promise, or upon a contract of guaranty. That Crim did not say that this identical car would be awarded as a prize is shown by the appellee's own testimony. She stated, on cross-examination, that Crim told her that either this car or some other car of the same kind would be given as the capital prize; that the cars were all alike.

We are of the opinion that the peremptory instruction requested by the appellants should have been given. The judgment will therefore be reversed and judgment here rendered in favor of the appellants. The judgment against the Coopers will remain undisturbed.

WILLSON, C. J., agrees to the disposition made of the case upon the first ground stated, but does not agree to the second: